**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| BAMBADJAN BAMBA, MANAMAN BAMBA, <br><br> *Plaintiffs,* <br><br> v. <br><br> UR JADDOU, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, et. al., <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
|  | Civil Action No. 1:23-cv-357 |

## ORDER

Plaintiffs, Bambadjan Bamba ("Bamba") and Manaman Bamba ("Mrs. Bamba"), have filed a Complaint for Review under the Administrative Procedures Act for Unreasonable Delay (Doc. No. 1), through which they are seeking to compel the Defendant, U.S. Citizenship & Immigration Services ("USCIS"), to process Bambadjan Bamba's I-601A application under 5 U.S.C. § 701-706. [Doc. No. 1] at 5. USCIS has filed a Motion to Dismiss for lack of jurisdiction, [Doc. No. 7], which Plaintiffs have opposed. [Doc. No. 12]. For the following reasons, Defendant's Motion is **DENIED**.

## I. FACTUAL BACKGROUND

Mrs. Bamba came to the United States from Côte d'Ivoire with her son, Bambadjan Bamba, in 1992, following which their applications for asylum were denied. *Id.* at 4. Nevertheless, Bamba received protection from deportation through Deferred Action for Childhood Arrivals and Mrs. Bamba's asylum case was later reopened and approved. *Id.* As a result, Bamba is eligible to apply

for permanent residency under his employer's approved immigration petition. *Id.* at 5. But because Bamba has been unlawfully within the U.S. for longer than six months, he is required to obtain a waiver of inadmissibility.[1] *Id.*

On October 26, 2021, he submitted his application I-601A (hereafter "waiver application"), and it has been pending ever since. *Id.* On March 16, 2023, Bamba filed the Complaint against USCIS, to request that this Court compel the agency to process his waiver application. [Doc. No. 1]. Bamba argues the delay in processing his application is unreasonable, as he has been waiting for over a year. *Id.* at 7.

In moving to dismiss the Complaint, USCIS contends that this Court lacks jurisdiction, arguing the enabling statute for the waiver of inadmissibility, 8 U.S.C. § 1182(a)(9)(B)(v) (hereinafter "Section 1182") of the Immigration and Nationality Act ("INA"), divests the court of jurisdiction. *Id.* at 7. In that regard, USCIS contends that the agency's failure to act on Bamba's application, or its delay in acting, is an "agency decision or action" and therefore not reviewable by this Court. *Id.* at 8. In support of that position, USCIS argues (1) the delay falls under the umbrella of "agency action" because the Administrative Procedure Act's definition includes "failure to act," and (2) in *Patel v. Garland*, 142 S. Ct. 1614, 1622 (2022), the Supreme Court has interpreted a similar statute with similar wording to include *any* "judgment" regarding the subject of the statute. [Doc. No. 8] at 8-9.

---

[1] Ordinarily a person who has illegally been present in the United States for more than 180 days is unable to obtain an immigrant visa. However, an I-601A Application for Provisional Unlawful Presence Waiver grants these individuals the ability to apply for an immigrant visa if they meet one of the criteria within 8 U.S.C. § 1182.

## II. LEGAL STANDARD

A court must dismiss a claim for lack of subject matter jurisdiction made pursuant to Federal Rule of Civil Procedure 12(b)(1) if the complaint fails to include "facts upon which subject matter jurisdiction can be based." *McLaughlin v. Safway Services, LLC*, 429 Fed. Appx. 347, 348 (4th Cir. 2011) (per curiam) (citing *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)); and after a Rule 12(b)(1) motion is made which challenges "the factual basis for subject matter jurisdiction," the plaintiff bears the burden to prove subject matter jurisdiction through "set[ting] forth specific facts beyond the pleadings." *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

Under the Administrative Procedure Act ("APA"), a plaintiff can petition the court to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). A district court can only compel agency action that is legally required. *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (holding "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take"). However, a court can be stripped of jurisdiction over these claims by an applicable statute that "precludes judicial review." 5 U.S.C. § 701(a)(1).

## III. ANALYSIS

USCIS argues that Bamba's Complaint should be dismissed for lack of jurisdiction under 8 U.S.C. § 1182(a)(9)(B)(v) of the INA, which states:

> The Attorney General has sole discretion to waive clause (i) in the case of an immigrant who is the spouse or son or daughter of a United States citizen or of an alien lawfully admitted for permanent residence, if it is established to the

satisfaction of the Attorney General that the refusal of admission to such immigrant alien would result in extreme hardship to the citizen or lawfully resident spouse or parent of such alien. No court shall have jurisdiction to review a *decision or action* by the Attorney General regarding a waiver under this clause.

8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). The dispositive issue as to that question is whether the alleged delay in processing Bamba's application is a "decision or action" within the scope of Section 1182.

### 1. Interpreting "Decision or Action"

Under the APA, "agency action" is defined to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof or failure to act."  5 U.S.C. § 551(13). The USCIS contends based on this definition that the absence of judicial review for any "decision or action" under Section 1182(a)(9)(B)(v) includes the failure to act. [Doc. No. 8] at 8. However, In *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBan at Lansdowne, LLC*, the Fourth Circuit counselled that "APA's definitions are only mandatory in the context of the APA itself," and if it was Congress' intention for the APA definitions to be applied to a different statute, Congress would do so expressly within the statute. 713 F.3d 187, 200 (4th Cir. 2013). Thus, the APA definitions are not required to be applied to Section 1182 of the INA.

Without definitions within the statute itself, the Court turns to the language of the text considered within the context of an agency's overall obligation to act within a reasonable period of time and the presumption in favor of judicial review.

First, "statutory terms are generally interpreted in accordance with their ordinary meaning." *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013). The ordinary meaning of "action" is "[t]he process of doing something" while the definition of "decision" is a "judicial or agency determination after consideration of the facts and the law." *Action*, *Decision*, Black's Law Dictionary (11th ed. 2019).

4

Both definitions infer some affirmative action, not inaction or a failure to act. Second, when the text of a statute does appear ambiguous and the intent of Congress is unclear, there is a presumption in favor of judicial review. *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1064 (2020); *see also McNary v. Haitian Refugee Center, Inc.*, 498 U.S. 479, 496 (1991) ("[G]iven our well-settled presumption favoring interpretations of statutes that allow judicial review . . . it is most unlikely that Congress intended to foreclose all forms of meaningful judicial review."). Given that that the language used is ambiguous, at best, with respect to the withdrawal of judicial review for a failure to act, particular where there is an overarching statutory obligation to act within a reasonable period of time, there exists a presumption in favor of judicial review. *Guerrero-Lasprilla*, 140 S. Ct. at 1069.

### 2. Redressability for Waiver Applicants

The text of Section 1182 gives the agency discretion concerning whether they will grant or deny a waiver application, but Congress did not give the agency discretion *not* to process the application. *See* 8 U.S.C. § 1182(a)(9)(B)(v). In a similar case, *Aslam v. Mukasey*, the court recognized that if courts were stripped of jurisdiction over the agency's failure to act an agency could "unilaterally impose a *de factor* moratorium" on all applications. 531 F. Supp. 2d 736, 741 (2008). Likewise, if district courts lack jurisdiction over claims like the ones advanced by petitioner, the agency could simply ignore them and never process them, leaving no redress for applicants. Even those district courts that have defined "decision or action" to include a delay or inaction have reserved jurisdiction in cases of unreasonable delay or a refusal to process the application because of the need for appropriate remedies. *See Safadi v. Howard*, 466 F. Supp. 2d 696, 700 (E.D. Va. 2006) (holding the court was divested of jurisdiction under the stripping statute

5

8 U.S.C. § 1252 to review plaintiff's complaint to compel action regarding his application, but reserving judgment on a delay that is "unreasonable as to be tantamount to a refusal to process the application").

Further, this Court has previously found that the decision not to process an inadmissibility request is not precluded by a jurisdictional stripping statute like the one in the current case. *Assadi v. Beers*, No. 1:13-cv-01253, 2014 WL 12775195 (E.D. Va. Feb. 12, 2014). In *Assadi*, this Court held that because of the "agency's affirmative obligation to act" and the "presumption of judicial review," Section 1252 did not eliminate subject matter jurisdiction to review the delay in adjudication. *Id.* at *3. Assadi's application had been put on "hold," and the Court concluded that the agency's decision to do so could not "deprive this Court of jurisdiction and shield review [concerning] whether USCIS has unlawfully withheld or unreasonably delayed adjudication [or not]," and in so doing depriving Assadi of redress regarding the delay. *Id.* at *4. Likewise, if this Court lacked jurisdiction over Bamba's claim there would be no redress for an unreasonable delay, in violation of the agency's statutory obligation to act within a reasonable period of time.[2]

### 3.  *Patel v. Garland*

8 U.S.C. § 1252(a)(2)(B)(i) (hereafter "Section 1252") is another jurisdictional stripping statute within the INA;[3] the USCIS Defendant argues that the Supreme Court's recent decision in *Patel v. Garland*, 142 S. Ct. 1614, 1621 (2022) pertaining to the scope of that statute supports its position that Section 1182 strips the Court of jurisdiction over Plaintiff's unreasonable delay claim. [Doc. No. 8] at 9. In *Patel*, the Supreme Court concluded that Section 1252's use of "regarding"

---

[2] While this Court may have jurisdiction over this claim, at this time the Court makes no ruling on the merits of the claim itself.
[3] "[N]o court shall have jurisdiction to review-- (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title." 8 U.S.C. § 1252(a)(2)(B)(i).

6

in the phrase "any judgment regarding the granting of relief" has a "broadening effect" that precludes review of factual findings made by the Administrative Law Judge. *Patel*, 142 S. Ct. at 1621. Two district courts have now held based on *Patel* that Section 1182 strips jurisdiction from the courts to review claims of unreasonable delays.[4] *See Lovo v. Miller*, No. 5:22-cv-00067, 2023 WL 3550167 (W.D. Va. May 18, 2023); *Mercado v. Miller*, No. 2:22-cv-02182, 2023 WL 4406292 (D. Nev. July 7, 2023).

The Supreme Court made clear that its holding in *Patel* is intended to be narrow and that the Court did not decide whether all "USCIS denials of discretionary relief" are "insulated from judicial review," explicitly stating that the Court did not decide"[t]he reviewability of such decisions." *Id.* at 1626. Here, in contrast to *Patel*, where the Court was barred from reviewing the Immigration Judge's affirmative decisions regarding "facts found as part of discretionary-relief," Plaintiff is requesting the Court review the agency's allegedly unreasonable delay or inaction. *See Patel*, 142 S. Ct. at 1622; [Doc. No. 1] at 1. In short, viewing the allegations favorably to the Plaintiff, the agency has made no affirmative decision or action (or for that matter, a judgment) on Bamba's waiver application. [Doc. No. 1] at 5-6. As a result, this case differs fundamentally from *Patel,* with different statutes (Section 1252 versus Section 1182) and different circumstances (an agency finding of fact prior to a judgment versus a failure to make a decision or act), and for these reasons, neither the holding nor the analysis in *Patel* supports withholding all judicial review of the USCIS's alleged failure to act within a reasonable period of time.

---

[4] The two courts that have applied *Patel* to Section 1182 have reasoned that the "broadening effect" the Supreme Court recognized in Section 1252 as to "any judgment," should also apply to "decision or action" referenced in Section 1182. *See Lovo v. Miller*, No. 5:22-cv-00067, 2023 WL 3550167, at *3; *Mercado v. Miller*, No. 2:22-cv-02182, 2023 WL 4406292, at *3 (D. Nev. July 7, 2023).

For the above reasons, the Court finds that Section 1182 does not strip this court of jurisdiction over the Complaint's claim for unreasonable delay under 5 U.S.C. § 706(1).[5]

## IV. CONCLUSION

For the above reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7], be, and the same hereby is, DENIED.

The Clerk is directed to forward copies of this Order to all counsel of record.

_____
/s/
Anthony J. Trenga
Senior United States District Judge

August 18, 2023
Alexandria, Virginia

---

[5] The Court makes the ruling on subject matter jurisdiction without any prejudice to the Defendant's positions on the merits of Plaintiffs' claims.